Argued October 30, 1970, reversed and remanded
February 18, 1971

# SECURITY BANK OF OREGON, *Appellant, v.* LEVENS, *Respondent.*

480 P2d 706

*Fred B. Miller,* Portland, argued the cause for appellant. With him on the briefs were Black, Kendall, Tremaine, Boothe & Higgins.

*John J. Haugh,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, and HOWELL, Justices.

McALLISTER, J.

This is an action to enforce a security interest in the proceeds of the sale of the yacht Lolita. The defendant demurred on the ground that the complaint failed to state a cause of action. The trial court sustained the demurrer and when plaintiff failed to further plead dismissed the action. Plaintiff appeals.

The following facts are alleged in the com-

plaint. On July 23, 1968, the plaintiff loaned David G. Russell and his wife $18,376.20 to purchase from Barts, Inc., a used 50-foot cabin cruiser known as Lolita. Plaintiff received a note and a security interest in the cruiser, both signed by David G. Russell and by Barts, Inc., the owner of the boat on that day. Under the terms of the security agreement, a copy of which is attached to the complaint, an unauthorized sale of the boat constitutes a default.

Thereafter the Russells, without plaintiff's consent, agreed to sell the Lolita to a Mr. and Mrs. Calavan for $16,500 and because of this default plaintiff declared the full balance of $10,024.21 immediately due and payable.

The Calavans have placed the purchase price in escrow with the defendant Levens and "acting on behalf of the Russells" the defendant has placed said funds in a trust account in Multnomah County.

The Lolita is a federally documented vessel registered with the Collector of Customs at Portland. The signatures on the security agreement are not acknowledged and the agreement has not been recorded with the Collector of Customs.

Plaintiff alleges that it is entitled to have its security interest satisfied out of the funds held by defendant and prays for a judgment requiring defendant to deliver to plaintiff sufficient of the escrowed funds to pay the balance of the debt, plus costs and an attorney's fee.

The trial court did not indicate why it sustained the demurrer to plaintiff's complaint. Defendant's contention that the complaint does not state a cause of action centers on two statutes; first, the Uni-

form Commercial Code—Secured Transactions, ORS §§ 79.1010-79.5070, and, secondly, the Ship Mortgage Act, 1920, 46 USCA §§ 911-984. Neither statute supports defendant's contention.

■ Defendant rests his case primarily on the following portion of ORS 79.1040:

"ORS 79.1010 to 79.5070 do not apply:

"(1) To a security interest subject to any statute of the United States such as the Ship Mortgage Act, 1920, to the extent that such statute governs the rights of parties to and third parties affected by transactions in particular types of property; * * *".

Defendant contends that the above provision is a blanket exclusion of all security interests on federally documented vessels. We think, however, that the exclusion applies only "to the extent" that the Ship Mortgage Act, 1920, "governs the rights of the parties".

■ The Ship Mortgage Act refers to two types of mortgages. Section 921 (a) applies to all mortgages on federally documented vessels and provides that unless recorded with the Collector of Customs of the port of documentation they shall not be valid "against any person other than the grantor or mortgagor, his heir or devisee, and a person having actual notice thereof, * * *." Section 922 creates a category of mortgages which are given "preferred status" if there is compliance with all the various formalities required by § 922. Section 951 gives the district courts of the United States exclusive original jurisdiction to enforce the lien of a "preferred mortgage" by a suit in rem in admiralty. Unless the ship mortgage can qualify as a preferred mortgage the federal court has no

jurisdiction—the proper forum for the enforcement of a non-preferred ship mortgage is a state court. The rule was first stated in the comprehensive explanation of the history and purpose of the Ship Mortgage Act contained in the opinion by Mr. Chief Justice Hughes in *Detroit Trust Co. v. Steamer "Thomas Barlum,"* 293 US 21, 55 S Ct 31, 79 L ed 176 (1934), as follows:

"\* \* \* The grant of jurisdiction is found in subsection K (U. S. C. title 46, § 951) which provides:

" 'A preferred mortgage shall constitute a lien upon the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by such vessel. Upon the default of any term or condition of the mortgage, such lien may be enforced by the mortgagee by suit in rem in admiralty. Original jurisdiction of all such suits is granted to the district courts of the United States exclusively.'

"The grant is thus one of exclusive jurisdiction to enforce the lien of a 'preferred mortgage.' If the mortgage is a preferred mortgage within the definition of the Act, jurisdiction is granted; otherwise not. \* \* \*" 79 L ed at 180.

A general statement of the rule is found in Gilmore and Black, The Law of Admiralty 579, § 9-52, as follows:

"The Mortgage Act outdoes the worst of the old-fashioned state chattel mortgage acts in its insistence on formalities of execution and in the detail of its recording mechanics. An exact compliance with the host of procedural niceties which the Act sets forth is required of the mortgagee. The penalty for noncompliance is that the mortgage does not attain the status of 'preferred mortgage' but is merely a common-law, nonmaritime mortgage. \* \* \*"

The other authorities are uniformly to the same effect. See *Jackson v. Inland Oil and Transport Co.*, 318 F2d

802, 804 (5th Cir 1963); *Brock v. Angeron*, 16 S2d 93, 95 (La App 1944); Benedict on Admiralty (6th ed 1940) 162, § 77; 2 Am Jur 2d 793, Admiralty § 122.

Defendant concedes that the admiralty court has no jurisdiction of a ship mortgage which is non-preferred either because the ship is not a federally documented vessel or because the various formalities of the statute (§ 922) have not been fully complied with and that the mortgagee as to such a mortgage "is left to his common law remedy". Defendant argues, however, that because the UCC (ORS 79.1040 (1)) "has specifically excluded the transaction" the only common law remedy available is an action on the promissory note. In our opinion the legislature did not intend such a result. In a case such as this where the Ship Mortgage Act does not govern the rights of the parties we think the UCC applies.

The Ship Mortgage Act does require that a non-preferred ship mortgage be recorded with the Collector of Customs before such a mortgage is valid except against the parties and persons with actual notice. § 921 (a) supra. It appears then that the federal provision for recording is exclusive and that state filing of a non-preferred mortgage would have no effect as to persons without notice protected by the federal act. See, also, ORS 79.3020 (3)(a). The federal statute does not, however, regulate the rights of parties between themselves to a non-preferred mortgage. As to such questions state law applies.

It appears from the complaint in this case that it is an attempt to enforce the mortgage against a third party with notice. Although defendant was not a party to the security agreement, it is alleged in the complaint that defendant received the proceeds of the security acting as escrow agent and that he is holding

the money "on behalf of" the original debtors. Defendant concedes that the complaint adequately alleges his knowledge of plaintiff's interest. The complaint is predicated on ORS 79.3060 (2), which gives a secured party an interest in the proceeds of an unauthorized sale of collateral. Nothing in the federal act is inconsistent with the assertion of such a right.

■ Defendant also argues that because the complaint does not allege any filing under either federal or state filing provisions the plaintiff does not have a security interest. This is not the case. The UCC does not require that a security interest be perfected by filing or otherwise in order to be valid. See ORS §§ 79.3010, 79.3120 (5)(c), 79.2040 (1).

In our view the complaint clearly states a cause of action and the judgment must be reversed and the case remanded for further proceedings not inconsistent with this opinion.