**In the Matter of Henry J. LEWIS, Debtor.**

**FORD MOTOR CREDIT COMPANY, Plaintiff,**

v.

**Henry J. LEWIS, Debtor, and L. C. Spurgeon, Trustee, Defendants.**

**Bankruptcy No. 80–0209.**

United States Bankruptcy Court, D. Idaho.

Jan. 5, 1981.

---

Charles W. Hosack, Coeur d'Alene, Idaho, for plaintiff.

William H. Foster, Grangeville, Idaho, for defendant Lewis.

L. C. Spurgeon, Trustee.

## MEMORANDUM DECISION

M. S. YOUNG, Bankruptcy Judge.

This matter is before the Court upon debtor's Counter Claim to plaintiff's complaint seeking a vacation of the 362 stay. Defendant and counterclaimant seek damages for an alleged wrongful repossession of defendants' vehicle after confirmation of their plan to pay creditors. The parties have stipulated the facts to be as follows:

"1. HENRY J. LEWIS filed a Chapter XIII Plan as Case No. 80–00485 in the United States Bankruptcy Court for the District of Idaho on April 4, 1980.

2. FORD MOTOR CREDIT COMPANY filed its proof of claim and rejection of the plan in Case No. 80–00485 dated May 12, 1980, and later filed an amended proof of claim and rejection of the plan dated May 27, 1980.

3. Debtor, HENRY J. LEWIS filed an amended plan in Case No. 80–00485 on June 20, 1980, and served FORD MOTOR CREDIT COMPANY with the amended plan, which provided for payment to FORD MO-TOR CREDIT COMPANY of $5,000.00 over a period of 36 months in the amount of $156.67 per month.

4. FORD MOTOR CREDIT COMPANY filed objections to the amended plan on June 23, 1980, a true and correct copy of which is attached hereto and marked Exhibit A.

5. On July 29, 1980, FORD MOTOR CREDIT COMPANY filed a complaint for relief from stay and for abandonment in the United States Bankruptcy Court in and for the District of Idaho, and a copy of the complaint was delivered to Lewis on July 30, 1980.

6. On July 30, 1980, a confirmation hearing in Case No. 80–00485 was held at which time the plan was confirmed, and the objections of FORD MOTOR CREDIT COMPANY, as raised in Case No. 80–00485 were overruled therein.

7. On August 6, 1980, the summons in Case No. 80–0209 was issued to HENRY J. LEWIS, Debtor, setting trial of the matter for October 1, 1980, which summons was never served on either the trustee or the debtor, LEWIS, a copy of which summons is attached hereto and marked Exhibit B.

The trustee never appeared in the adversary proceeding commenced by FORD MOTOR CREDIT COMPANY as Case No. 80–0209 in the United States District Court, for the District of Idaho, and no party requested the hearing in the adversary proceeding, Case No. 80–0209, and no hearing was held until October 1, 1980.

8. On August 8, 1980, FORD MOTOR CREDIT COMPANY filed its notice of appeal to the District Court in Case No. 80–00485 from the order confirming the plan. The Court entered its written order confirming the plan on August 8, 1980, but no notice of the entry of the order was received by the Debtor LEWIS or FORD MO-TOR CREDIT COMPANY. The Court gave notice on August 12 of the filing of the appeal by FORD MOTOR CREDIT COMPANY in case No. 80–00485.

9. On August 12, 1980, HENRY J. LEWIS filed an answer to the complaint

for relief from stay and for abandonment filed by FORD MOTOR CREDIT COMPANY in case No. 80–0209, which answer noted the case number of 80–00485.

10. On or about August 14, 1980, the attorney for FORD MOTOR CREDIT COMPANY advised the attorney for the Debtor, HENRY J. LEWIS, that FORD MOTOR CREDIT COMPANY took the position that any automatic stay against FORD MOTOR CREDIT COMPANY prohibiting its repossession of the vehicle would automatically expire as a matter of law by August 29, 1980, unless the United States Bankruptcy Court entered an order continuing such stay, and that therefore FORD MOTOR CREDIT COMPANY would attempt to repossess the vehicle in question subsequent to August 29, 1980.

11. The vehicle was repossessed by FORD MOTOR CREDIT COMPANY on September 3, 1980.

12. Between August 14, 1980, and September 3, 1980, no action was taken by any of the parties, or by the court, in either case No. 80–0209 pending in the United States Bankruptcy Court for the District of Idaho or in case No. 80–00485 pending in the United States Bankruptcy Court for the District of Idaho. The Debtor LEWIS filed no motion requesting a continuance and no party requested a hearing in either proceeding.

13. The vehicle in question was taken by FORD MOTOR CREDIT COMPANY to Hoff Motor Company in Lewiston, Idaho, where the vehicle has been and is at the present time stored. The vehicle was removed by a Lewiston towing service by wrecker from where it had been parked on the street in front of J. C. Penneys in Grangeville, Idaho, with the doors locked and items of personal property within the vehicle together with a dog owned by the LEWISES. No inventory of items in the vehicle has been given to the LEWISES.

14. That the items of personal property identified on Exhibit C attached hereto were in the vehicle at the time of the repossession and are being stored by Hoff Motor Company.

15. That Mrs. Lewis was in Lewiston, Idaho, at Hoff Motor Company the day subsequent to the repossession of the vehicle and was tendered the personal property items, but that Mrs. Lewis refused to take possession of the items at that time, except for the dog.

16. On September 9, 1980, FORD MOTOR CREDIT COMPANY filed its motion for the abandonment of the vehicle in question on the grounds that the automatic stay having expired by operation of law, and the vehicle having been repossessed.

17. On September 9, 1980, FORD MOTOR CREDIT COMPANY filed its notice of abandonment of appeal in case No. 80–00485.

18. FORD MOTOR CREDIT COMPANY has received no payments under the plan as the vehicle was repossessed prior to any distribution by the trustee under the terms of the plan. The trustee has been holding in trust any amounts which LEWIS has paid and which would have been distributed to FORD MOTOR CREDIT COMPANY under the plan.

19. LEWIS filed objections to the proposed order for abandonment and request for leave to amend counterclaim in case No. 80–0209 on September 15, 1980.

20. At the hearing on October 1, 1980, in case No. 80–0209, the Court granted FORD MOTOR CREDIT COMPANY's motion for abandonment and the Court granted the Debtor LEWIS' motion to file an amended counterclaim in case No. 80–0209.

21. If attorney fees are awarded, the parties agree that proof of attorney fees can be submitted by affidavit pursuant to the proceedings which would be followed in submitting a memorandum of costs, with any objections to the amount of attorney fees sought to be raised in that supplementary proceeding.

22. Bernards Towing, the Lewiston towing company which removed the vehicle, moved the vehicle directly from Grangeville to Hoff Motor Company and an employee of Bernard's Towing accompanied the vehicle

at all times. No items of personal property were removed from the vehicle by Bernard's Towing and, to the knowledge of Bernard's Towing, no items were removed by anyone while the vehicle was in their possession. The vehicle was not damaged in any way in transit. Hoff Motor Company has kept the doors of the vehicle locked at all times since receiving the vehicle from Bernard's Towing and has kept the vehicle stored on its property at all times. No items have been removed by Hoff Motor Company and, to the knowledge of Hoff Motor Company, no one has gained entry into nor removed any items of personal property while the vehicle has been stored there. The vehicle has not been broken into while stored at Hoff Motor Company, and is in the same condition as it was when received."

This stipulation erroneously states in Paragraph 20 that this Court granted plaintiff's request for abandonment. The minutes of this Court show that the Order of Abandonment has never been issued. Counsel apparently confused the court's stated belief at the hearing held on October 1, 1980, that plaintiff's complaint was moot because the stay provided by Section 362 had been vacated by operation of law under Section 362(e) as of the time of the hearing with a holding that the property was abandoned. In addition to the stipulated facts, evidence was received relating to the alleged damages caused to defendants and counterclaimants by reason of the wrongful repossession of the vehicle.

■ The fundamental issue in this case is whether a secured creditor who is provided for in a debtor's confirmed plan, which provides that the creditor will retain its lien in the collateral and that the debtor will pay the full allowed value of the creditor's secured claim in 36 monthly installments together with a pro rata share of its secured claim, can thereafter repossess the collateral upon debtor's failure to demand a preliminary hearing within thirty days after the secured creditor has filed a complaint to vacate a Section 362 stay.

Under the stipulated facts there is also a collateral legal issue as to when the 30 day period under Section 362(e) commences to run, it appearing that plaintiff did not serve the summons or complaint upon the debtor or the trustee, in compliance with rule 704(c)(9), although service may have been made on his attorney for the chapter 13 proceeding.

In addition the plaintiff in its "Objections to Amended Plan" set forth three grounds, one of which was that the debtor's plan failed to provide adequate protection. Thus, an issue exists as to whether "lack of adequate protection" is a proper ground for objecting to confirmation in a chapter 13 plan.

■ Counsel for plaintiff in his brief states that this court stated at the hearing on confirmation that this issue should be raised in an adversary proceeding. Whatever my belief at the time of hearing, I am now convinced that it must be asserted as a ground for objection to confirmation because section 1325(a) provides that the plan must comply with the provisions of chapter 13 and "with other applicable provisions of this title." Section 1302 gives the debtor the rights of a trustee under sections 363(b)(d)(f) and (*l*). Section 363(b) provides that the debtor may use, sell, or lease property of the estate and section 363(e) provides that the court shall prohibit the use of property in which another entity has an interest unless adequate protection is provided to that party. A secured creditor has such an interest. If the debtor meets the requirements of section 1325(a)(5)(B), to wit (i) that the secured creditor retain his lien and (ii) the moneys to be paid under the plan is not less than the allowed secured claim, debtor has made a prima facie showing that the creditor has adequate protection. In this case no evidence was submitted as to lack of adequate protection by the plaintiff herein at the confirmation hearing and no offer of proof was made by the creditor. Evidence was submitted on what should be the amount of trustee's secured and unsecured claim pursuant to section 506(a), and such value was fixed by

this Court. The plan provided for payment of this sum within 36 months and the plan was thus "crammed down" on plaintiff herein.

The effect of a confirmed plan stated in section 1327, to wit:

"(a) The provisions of a confirmed plan *bind the debtor and each creditor*, whether or not the claim of such creditor is provided for by the plan, and *whether or not such creditor has objected to*, has accepted, or has rejected *the plan*.

(b) Except as otherwise provided in the plan or the order confirming the plan, the *confirmation of a plan vests all of the property of the estate in the debtor*.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the *property vesting in the debtor* under subsection (b) of this section *is free and clear of any claim or interest of any creditor provided for by the plan*."

■ Thus, by operation of this section it is clear that a creditor cannot thereafter assert any other interest than that provided for him in the confirmed plan and that all of the issues of adequate protection, lack of equity, the fact that the property is not necessary for effective reorganization of debtor's affairs, etc., could and should have been raised in objections to confirmation. See 5 Collier on Bankruptcy (15th Ed.) 1325.01.

■ The Order of Confirmation is thus res adjudicata as to all justiciable issues decided or which could have been decided at the hearing on confirmation. Thus, there would appear to be no grounds upon which plaintiff and cross-defendant could in good faith have asserted a right to relief under section 362(e) at the time it did so. The only possible legitimate causes of action for relief from the stay after confirmation would relate to matters occurring after confirmation such as failure to receive periodic payments provided for in the plan or that debtor was willfully committing waste or failing to insure, etc. ·See *In re Brock* 2 CBC 1305, which holds that only a secured creditor not provided for in the plan can avail itself of 362(e).

■ Section 362(e) makes it clear that if a complaint is filed to have the 362 stay vacated, a preliminary hearing must be requested within thirty days or the stay will vacate by operation of law. If a creditor files a complaint, does the fact that the complaint may not state a valid claim for relief make 362(e) inoperative or must the defendants in the action move to dismiss the proceeding within the thirty day period if he is to protect his interests? An alert and knowledgeable bankruptcy attorney would do so. However, even if the debtor does not take any action, I conclude the complaint is a nullity if it is based on any issue which was decided by the Order of Confirmation. The House Report on 362(e) states in part:

"... The subsection sets a time certain within which the bankruptcy court must rule on the adequacy of protection provided of the secured creditor's interest. If the court does not rule within 30 days from a request for relief from the stay, the stay is automatically terminated with respect to the property in question."

■ Because the Court rules on adequate protection at the hearing on Confirmation, Section 362(e) does not have the function in a chapter 13 after confirmation intended by Congress and the stay remains in effect until discharge. Section 362(c)(2)(C). It is thus apparent that Congress intended a chapter 13 debtor to have the protection of the stay during the term of the plan, at least from creditors who are provided for in the plan.

I thus conclude that the stay in this case was not vacated by operation of 362(e) because the complaint requesting relief from the stay did not state a claim.

■ In this case other grounds exist to sustain defendant's claim of wrongful repossession even if 362(e) is applicable; plaintiff did repossess before the 30 day period within which a preliminary hearing could have been held. The plaintiff herein filed its complaint on July 29, 1980, summons was issued on August 6, 1980, but

plaintiff failed to serve the defendants or the trustee. Plaintiff has never filed a return of service. Defendant filed an answer on August 18, 1980, a copy of which had been mailed to counsel for plaintiff on August 12, 1980. Under these circumstances I conclude that defendants had notice of the request for vacation of the stay by August 12, 1980, and that the stay could not have been vacated by operation of section 362 in any circumstance until September 12, 1980.

█ Because important property rights of the debtor are involved, to wit, his right to retain possession of his property which is subject to security interest in which he may have an equity or which may be necessary to his rehabilitation, I conclude that it would be a denial of procedural due process of law to find that the 30 day period commenced to run from the date of the filing of the complaint. Otherwise, an unscrupulous secured creditor could file a complaint, withhold service of process, allow the thirty days to pass, and attempt repossession. The slightest delay in service of the summons and complaint by the plaintiff shortens the 30 day period to a degree that at many times it would be virtually impossible for the defendant to demand and schedule a preliminary hearing before the thirty days had elapsed. I find nothing in the statute which requires the Court to automatically schedule a preliminary hearing on 362(e) proceeding and in many cases the debtors or the trustee do not wish to contest the vacation of the stay.

█ Therefore, in summary I find that the issues of adequate protection, equity, necessity, qualification, as of the date of the confirmation of the plan are all res ajudicata to subsequent proceedings on these issues. As to factual matters which may arise after confirmation, a creditor can in good faith proceed under 362(e) to have the stay lifted; that in the case at bar, the plaintiff was premature in its repossession of the vehicle in question and that under the circumstances here existing it was not in good faith when it repossessed the vehicle because of the prior confirmation of the plan of arrangement of which it had notice.

Under these circumstances I conclude that defendants and counter-claimants are entitled to an immediate return of the vehicle in plaintiff's possession and are entitled to the damages for their loss of use of the vehicle during the period plaintiff and counter-defendant has retained possession at the rate of $25.00 per day, which I find to be a fair rental value of a vehicle of this type.

I will not award any attorney's fees to either party. I find plaintiff is not entitled to attorney's fees because it has no contractual or statutory right to said fees. If defendants wish to pay their counsel's fees through the plan in installments, they may do so provided they increase payments to their plan to compensate for said payments.

Counsel for debtors may prepare a judgment in accord with this decision.