In re Mary Louise BROOKS, Debtor.

BANK OF LOUISVILLE, Plaintiff,

v.

Mary Louise BROOKS, et al., Defendants.

Bankruptcy No. 3–81–00199.
Adv. No. 3–81–0382.

United States Bankruptcy Court,
W.D. Kentucky.

Aug. 10, 1982.

Stephen J. Tillman, Louisville, Ky., for plaintiff.

Marc H. Levy, Louisville, Ky., for defendants.

## MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This Chapter 13 proceeding comes before the Court on the complaint and amended complaint of Bank of Louisville, a creditor, by counsel, seeking relief from the automatic stay pursuant to Section 362(d) of the Bankruptcy Code, 11 U.S.C. § 362. The issue presented by the plaintiff is whether the interest of said creditor is adequately protected on real estate pledged as security for the indebtedness due from the defendant/debtor and the comaker/debtors, joined as defendants by amendment.

A review of the case indicates that the Chapter 13 plan was confirmed by the Court on March 4, 1981. Under the terms of the plan, the debt due the plaintiff was proposed to be paid in full; however, the contractual monthly payments were modified by a substantial reduction in amount. It is undisputed that plaintiff timely filed its proof of claim and supporting papers accepting the plan as proposed, and failed to timely file objection to the confirmation of the plan. In fact, this Court in an order of April 6, 1981, specifically overruled Bank of Louisville's objection as being untimely. Thereafter, a complaint for relief from the automatic stay was filed on August 18, 1981, alleging that plaintiff was without adequate protection and would be irreparably harmed if the stay as to the debtor and comakers was not terminated.

The record reflects an indebtedness due and owing plaintiff at the time of confirmation of $4,320.59, plus interest and late charges. Said indebtedness is secured by a valid mortgage lien upon the debtor's real property valued at $10,370.00 in debtor's petition, and further secured by a valid mortgage lien on real property owned by codefendant (comaker), Betty J. Short. A hearing on the issue was held on January 25, 1982, and memoranda of legal argument and authority have been filed by counsel for all parties.

After having reviewed the evidence of record and considered the respective positions of counsel and the pertinent statutory authority, it is the opinion of the Court that plaintiff will not be irreparably harmed by a continuation of the plan payments as confirmed. There has been no proof submitted sufficient to deem plaintiff inadequately protected, and therefore entitled to the relief sought. The record reflects that the debtor/defendant's real estate pledged as collateral for the indebtedness in question is in a stated amount considerably in excess of the debt due and owing. While argument is made that said real estate is located in an area of rapidly depreciating market values and "[h]istorically, the location of the real property, itself, (westend) suggests that the value of the collateral may decline, rather than increase over a period of time...." (Plaintiff's Memorandum, p. 2), such argument standing alone does not support plaintiff's allegation of inadequate protection sufficient to grant the relief requested.

Contention is further made, and there is some supporting evidence, that the comaker/defendant, Ulyesses F. Brooks, did receive a portion of the consideration at the time of the inception of the loan agreement, and therefore the stay should be lifted as to him pursuant to 11 U.S.C. § 1301(c)(1). At the time of the loan agreement said defendant and the debtor/defendant were apparently married and were co-owners of the real estate now solely owned by the debtor and the proceeds of the loan were apparently applied to their joint debts as listed in the promissory note installment loan agreement. Since no accounting of the loan pro-

ceeds applied to the sole benefit of the defendant/comaker, Ulyesses F. Brooks, was submitted, it is the opinion of the Court that plaintiff has failed to meet the requisite burden of proof to sustain this exception.

Without addressing whether the plaintiff's monthly payments were improperly modified in view of the failure to timely object at confirmation, the Court finds that plaintiff's request for relief from the automatic stay as to all defendants must be denied.

■■■■ Confirmation of a plan under Chapter 13 of the Bankruptcy Reform Act, 11 U.S.C., does not thereafter preclude, in the appropriate case, relief from the automatic stay provisions but in such instance in order to prevail the plaintiff must establish appropriate grounds for the relief requested. While it is inferred that lack of insurance protection covering the debtor's real property may constitute grounds for granting the requested relief, no proof, evidence or documentation of any nature was submitted on this issue. In addition, naked allegations of declining property values in a given area are not sufficiently specific regarding the real estate in question in order to support a conclusion that the complaining plaintiff is inadequately protected and/or will be irreparably harmed by the continuation of the automatic stay provisions.

Should the debtor/defendant become in default of the plan payments, or circumstances after confirmation develop which places in jeopardy the plaintiff's security, appropriate relief may be requested and where substantiated the relief granted. 11 U.S.C. § 362. At the present time such grounds do not exist.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

For the foregoing reasons and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that plaintiff's petition for relief be and the same is hereby denied. This is a final order.