**In re Shelby Lynn RAGAN and Kathryn Ann Ragan, Debtors.**

**Bankruptcy No. 91–20306–13.**

United States Bankruptcy Court, D. Kansas.

April 22, 1992.

■■■■■■■■■■■■■■■■■■■

James E. Phelan, Kansas City, Kan., for debtors.

James B. Lowe, Kansas City, Mo., Albert E. Grauberger, Kansas City, Kan., for creditor.

William H. Griffin, Topeka, Kan., trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the August 15, 1991 hearing on the motion of Chase Manhattan Leasing Company (hereinafter "creditor") to lift stay or in the alternative for adequate protection. Creditor appeared by and through its attorney, James B. Lowe. Shelby Lynn Ragan and Kathryn Ann Ragan (hereinafter "debtors") appeared by and through their attorney, James E. Phelan. The trustee, William H. Griffin, appeared pro se. There were no other appearances. Creditor has abandoned its request for relief from stay. With regard to creditor's request for adequate protection, the Court took the matter under advisement upon the filing of supplemental briefs by the parties. Said briefs have now been filed.

### FINDINGS OF FACT

Based upon the pleadings, the record and arguments of counsel, this Court finds as follows:

1. That creditor is the assignee of a retail installment contract signed by debtor Shelby Lynn Ragan d/b/a Ragan Construction Co., pursuant to which creditor obtained a security interest in one Melroe 643 Bobcat Loader with 54″ Dirt Bucket with teeth, Serial Number 5015–M–20128 (hereinafter "Bobcat Loader"). Shelby Lynn Ragan, d/b/a Ragan Construction Company, purchased the Bobcat Loader on March 23, 1989. At that time, he was living with his parents in Pleasant Hill, Missouri.

2. That creditor perfected its security interest in the Bobcat Loader by filing a UCC–1 with the Missouri Secretary of State on March 27, 1989.

3. That without notice to creditor, in September of 1989, debtors moved their business to the State of Kansas. Creditor failed to file a UCC–1 financing statement with the Kansas Secretary of State within four months as required by K.S.A. § 84–9–103(3)(e). As a result, creditor's security interest in the Bobcat Loader is unperfected.

4. That prior to filing bankruptcy, debtor Shelby Lynn Ragan was in default under the retail installment contract, and creditor accelerated all principal and earned interest in the amount of $4,877.35.

5. That on February 14, 1991, debtors filed their petition under Chapter 13 of Title 11, United States Code.

6. That on May 10, 1991, creditor filed its motion to lift stay and/or for adequate protection.

7. That on May 21, 1991, debtors' Chapter 13 plan came up for confirmation hearing. At the hearing, the plan was confirmed without objection. A written order confirming the plan was entered on November 20, 1991.

### CONCLUSIONS OF LAW

Creditor has abandoned its motion to lift stay, but seeks adequate protection payments from the Chapter 13 trustee. Debtors argue that creditor's failure to file with the Kansas Secretary of State renders the creditor's claim unperfected and therefore creditor's claim is unsecured, thus giving it no right to adequate protection. However, debtors' argument fails to distinguish between an unsecured creditor and an unperfected secured creditor.

Creditor has a valid security interest in the Bobcat Loader which is valid as between creditor and the debtors. Only the rights of the original parties to a secured transaction are involved in the present case. "The UCC does not require that a security interest be perfected by

filing or otherwise in order to be valid." *Kansas State Bank v. Overseas Motosport*, 222 Kan. 26, 563 P.2d 414, 417 (1977) (*citing Gulf Oil Company v. First National Bank of Hereford*, 503 S.W.2d 300 (Tex. Civ.App.1973); *Security Bank of Oregon v. Levens*, 257 Or. 630, 480 P.2d 706 (1971); *Branch v. Steph*, 389 F.2d 233 (10th Cir. 1968). We are not concerned with the priorities or the rights of third parties, and it is priority that is established and protected by perfecting a security interest. *Id.* at 418. *See also In re Grey*, 29 B.R. 286, 291 (Bankr.D.Kan.1983) (As between creditor who entered into security agreement and debtors, issue of perfection is irrelevant). The Court finds that creditor is an unperfected secured creditor.[1]

■ Even though creditor is a secured creditor, the Court, nevertheless, finds that creditor is not entitled to adequate protection under the facts of the present case. Creditor did not object to confirmation of debtors' Chapter 13 plan, and the plan provides for full payment of creditor's secured claim.

The court in *In re Brock*, 6 B.R. 105, 107 (Bankr.N.D.Ill.1980), held that the applicability of the adequate protection provisions of § 361 to Chapter 13 proceedings is limited by virtue of § 1327 to the time between filing the Voluntary Petition and Confirmation of the Plan. "Congress was wise to provide in Section 1327 that after confirmation the property vests in the debtor free and clear of any claim or interest of any creditor provided for in the Plan.... [i]t would appear that such a creditor's remedies are limited to a motion to convert or dismiss in the event the debtor defaults in the payments required to be made to the trustee." *Id.* at 108. *See also In re Evans*, 30 B.R. 530, 531 (9th Cir.BAP 1983) (Section 1327 precludes a creditor from asserting, after confirmation, any other interest than that provided for it in the confirmed plan. The issues of adequate pro-

tection, lack of equity, and necessity for a successful rehabilitation of the Chapter 13 debtor were all res judicata as of the confirmation of the plan); *In re Moore*, 13 B.R. 914, 915-17 (Bankr.D.Or.1981).

Furthermore, adequate protection must be asserted as a ground for objection to confirmation because § 1325(a) provides that the plan must comply with the provisions of chapter 13 and "with other applicable provisions of this title." *In re Lewis*, 8 B.R. 132, 136 (Bankr.D.Idaho 1981). The court in *In re Lewis*, states that:

> Section 1302 gives the debtor the rights of a trustee under sections 363(b)(d)(f) and (1). Section 363(b) provides that the debtor may use, sell, or lease property of the estate and section 363(e) provides that the court shall prohibit the use of property in which another entity has an interest unless adequate protection is provided to that party. A secured creditor has such an interest. If the debtor meets the requirements of section 1325(a)(5)(B), to wit (i) that the secured creditor retain his lien and (ii) the moneys to be paid under the plan is not less than the allowed secured claim, debtor has made a prima facie showing that the creditor has adequate protection.

*Id.*

The court in *In re Lewis*, notes that "[t]he only possible legitimate causes of action for relief from the stay after confirmation would relate to matters occurring after confirmation such as failure to receive periodic payments provided for in the plan or that debtor was willfully committing waste or failing to insure, etc." *Id.* Creditor has not alleged that any acts have occurred subsequent to confirmation which would entitle creditor to adequate protection or relief from the stay.

IT IS THEREFORE, BY THE COURT, ORDERED That creditor's motion for ade-

---

1. The Court notes that debtors raise a new argument for the first time in their supplemental memorandum. Debtors argue that an unperfected lien or security interest may be avoided pursuant to the trustee's rights and powers as a judicial lien creditor or an unsatisfied execution creditor even though the lien or security interest may be valid as between the debtor and the secured creditor. Neither the trustee nor the debtors have sought to invoke the trustee's avoiding powers, therefore the Court will not address this argument.

quate protection be and the same is hereby DENIED.

This Memorandum shall constitute my findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure.