**CHEVY CHASE BANK,**
**Plaintiff/Appellant,**

v.

**Steven T. LOCKE, Defendant/Appellee.**

**No. A. 2:98CV849.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 10, 1998.

Kevin M. Fitzpatrick, Fitzpatrick & Raftery, P.C., Fairfax, VA, for appellant.

Ronald Jay Berg, Virginia Beach, VA, for appellee.

Frank James Santoro, Portsmouth, VA, Chapter 13 Trustee.

Debera F. Conlon, Office of United States Trustee, Norfolk, VA, United States Trustee.

## *ORDER*

DOUMAR, District Judge.

This matter is an appeal from a Bankruptcy Order entered by the Bankruptcy Court for the Eastern District of Virginia denying Chevy Chase Bank's ("the Bank") Motion for Relief from the Automatic Stay or, in the Alternative, for Adequate Protection. For the reasons stated below, the decision of the Bankruptcy Court is AFFIRMED.

### I. *FACTUAL AND PROCEDURAL BACKGROUND*

Steven T. Locke ("Locke") is a debtor who filed for Chapter 13 bankruptcy. A proposed plan of reorganization was prepared for the payment of Locke's creditors on December 22, 1997. The proposed plan was served upon all creditors and interested parties by mail that same day. The Bank filed proof of its secured claim of $12,004.25 for the purchase of a 1994 Honda Civic on January 28, 1998. The proposed plan indicated that the principal remaining on the Bank's loan was $8,200 and provided for the payment of $180 a month for 56 months to the Bank. Local Rule 3015–2(D)(1) provides that any objections to the confirmation of a chapter 13 plan shall be filed within forty-five days after the filing of an original plan. The proposed plan provided notice of that time requirement in paragraph A–6. No creditors objected to the proposed plan, and it was confirmed by the Bankruptcy Court on February 22, 1998.

On March 19, 1998, the Bank filed a Motion for Relief from the Automatic Stay or, in the Alternative, for Adequate Protection pursuant to 11 U.S.C.S. § 362(d) (1995) and Federal Rule of Bankruptcy Procedure 4001. The Bank alleged that it was owed $11,835.47 with interest accruing at the rate of $3.08 a day. The Bank argued that its interest in the vehicle was not adequately protected since Locke was allowed to use and to depreciate the vehicle; yet, was not making payments for the vehicle. The Bank raised no allegation of fraud in the valuation of the vehicle in its motion. After a hearing on the matter, Bankruptcy Judge Adams denied the Bank's motion.

The Bank appealed from that Order to this Court pursuant to 28 U.S.C.S. § 158(a) (1988) and Bankruptcy Rule 8001(a). The Bank raised the following issues on appeal:

1. Is a secured creditor, whose claim is being paid at less than 100% of its value in a Chapter 13 bankruptcy, precluded per se from seeking relief from the automatic stay of 11 U.S.C. § 362 for lack of adequate protection when the secured creditor did not object to, and the bankruptcy court subsequently confirmed, the Debtor's plan of reorganization?

2. May the United States Bankruptcy Court for the Eastern District of Virginia, by local rule, impose an arbitrary time restriction, not otherwise provided in the Bankruptcy Code, on a secured creditor's right to seek relief from the automatic stay for lack of adequate protection?

3. Is there a sufficient basis in this case to justify summary denial at a preliminary

hearing on Chevy Chase Bank's Motion for Relief from the Automatic Stay or, in the Alternative, for Adequate Protection, without the opportunity to present evidence of the Bank's lack of adequate protection, which is the basis for the relief sought?

4. Did the bankruptcy court properly rely on the analysis in *In re Dews*, 191 B.R. 86 (Bankr.E.D.Va.1995), in denying Chevy Chase Bank's Motion for Relief from the Automatic Stay or, in the Alternative, for Adequate Protection?

(Appellant's Statement of Issues to be Presented). Neither party has filed briefs in support of their position.

## II. *LEGAL ANALYSIS*

### A. Standard of Review

█ Pursuant to 28 U.S.C.S. § 158, a party may appeal a final order of a bankruptcy court to the district court. Upon such an appeal, the district court reviews the decisions of law made by the bankruptcy court de novo and the findings of fact are considered under a clearly erroneous standard. *Roland v. Unum Life Ins. Co.*, 223 B.R. 499, 501 (E.D.Va.1998) (citing Fed. R. Bankr.P. 8013); *In re James River Assocs.*, 148 B.R. 790, 794 (E.D.Va.1992) (quoting *In re Morris Communications NC, Inc.*, 914 F.2d 458, 467 (4th Cir.1990)).

### B. Issues on Appeal

1. *Is a secured creditor, whose claim is being paid at less than 100% of its value in a Chapter 13 bankruptcy, precluded per se from seeking relief from the automatic stay of 11 U.S.C. § 362 for lack of adequate protection when the secured creditor did not object to, and the bankruptcy court subsequently confirmed, the Debtor's plan of reorganization?*

█ A plan of reorganization is confirmed by the bankruptcy court to protect the interests of both the debtor and the creditors as provided for in the plan. *United States Internal Revenue Serv. v. Driggs*, 185 B.R. 214, 215 (D.Md.1995); *In re Lewis*, 8 B.R. 132, 137 (Bankr.D.Idaho 1981). The parties are provided an opportunity to object to the proposed reorganization plan, and the plan itself sets forth the period for objections as dictated by the local rules. The bankruptcy court will consider the objections and then confirm or modify the proposed plan. 11 U.S.C.S. § 1141(a) (1987) provides that: "the provisions of a confirmed plan bind the debtor ... and any creditor, ... whether or not the claim or interest of such creditor ... is impaired under the plan." Accordingly, both the creditors and the debtor must file all objections to the plan of reorganization prior to the confirmation or else they will be precluded from raising those arguments later. *State of Maryland v. Antonelli Creditors' Liquidating Trust*, 123 F.3d 777, 783 (4th Cir.1997); *In re AH Robins Co.*, 216 B.R. 175, 179 (E.D.Va.1997); *In re Simmons*, 765 F.2d 547, 552 (5th Cir.1985). When a party claims that its interest is not adequately protected in a confirmed plan, it is limited to discussing circumstances that arose after the confirmation of the plan. *In re Brooks*, 26 B.R. 210, 211 (Bankr.D.Ky.1982); *In re Lewis*, 8 B.R. 132, 137 (Bankr.D.Idaho 1981).

However, there are several situations in which courts have found that a secured creditor will not bound by a confirmed plan, even in the absence of objecting to that plan. First, "[a] secured creditor is not bound by the terms of the confirmed plan with respect to the limitations upon the scope or validity of the lien securing its claim." *Cen–Pen v. Hanson*, 58 F.3d 89, 95 (4th Cir.1995). Second, the mere notice of a confirmation hearing without any specific notice identifying that the bankruptcy court will determine the value of securities, will not bind the secured creditor to the value determination made in the plan. *In re Linkous*, 990 F.2d 160, 162 (4th Cir.1993); *In re Rodnok*, 197 B.R. 232, 234 (Bankr.E.D.Va.1996); *In re Calvert*, 907 F.2d 1069, 1072 (11th Cir.1990); *In re Gates*, 214 B.R. 467, 470 (Bankr.D.Md.1997). Finally, a secured creditor whose claim is not considered or addressed in the plan will not be bound by the confirmed plan. *Rich v. Maryland Nat'l Bank*, 42 B.R. 350, 354 (D.Md.1984); *In re Honaker*, 4 B.R. 415, 417 (Bankr.E.D.Mich.1980).

In this case, the debtor provided his creditors, including the Bank, with the proposed

plan. Paragraph A–6 of the proposed plan sets forth the time limits for the filing of objections. The Bank raised no objections to the plan prior to the confirmation. Then, after confirmation of the plan, the Bank filed a motion for relief from the stay arguing that Locke was allowed to use and depreciate the vehicle without making full payments. The Bank was given notice that objections had to be filed within forty-five days from the date the plan was filed. The Bank's claim, as stated in its motion, was an objection that could have and should have been raised prior to the confirmation of the plan. The claim did not involve circumstances that were unknown to the Bank at the time of the confirmation, but were clearly provided for in the plan. Nor do these facts implicate any of the situations in which courts have allowed secured creditors to raise untimely objections to a plan of reorganization. Therefore, the Bank's failure to raise an objection prior to the confirmation of the plan precludes consideration of that objection after the fact. Accordingly, the decision of the bankruptcy court must be affirmed.

■ This issue was addressed by the Fourth Circuit in a case involving a debtor under Chapter 11 and a creditor who did not object to the proposed plan of reorganization. *In re Varat Enters., Inc.,* 81 F.3d 1310, 1315 (4th Cir.1996). The court held that the creditor who failed to object to the confirmation of the reorganization plan was barred from objecting to the plan after its confirmation. *Id.* at 1315–17. The court reasoned that the creditor's claim existed at the time of the confirmation and concluded that there were three distinct theories upon which the creditor was precluded from raising the claim: res judicata, equitable estoppel and waiver. *Id.* at 1316–17. Indeed, courts routinely treat the order confirming a debtor's plan of reorganization as a final judgment on the merits for purposes of res judicata. *Id.* at 1316–17; *In re Grimm,* 168 B.R. 102, 110 (Bankr. E.D.Va.1994). The analysis of *In re Varat* applies with equal force to the facts of this case. The Bank knew of its claim at the time of the confirmation of the plan; yet, failed to raise that claim at the appropriate time. Therefore, the Bank is precluded under the doctrines of res judicata, equitable estoppel and waiver from asserting that claim in its Motion for Relief from Stay. *See In re Varat Enters.,* 81 F.3d at 1316–17.

2. *May the United States Bankruptcy Court for the Eastern District of Virginia, by local rule, impose an arbitrary time restriction, not otherwise provided in the Bankruptcy Code, on a secured creditor's right to seek relief from the automatic stay for lack of adequate protection?*

■ In light of the Bank's failure to identify the local rule at issue and the fact that there are no time limits imposed in the section of the local bankruptcy rules addressing a motion for relief from automatic stay, the Court assumes that the Bank is concerned with Local Rule 3015–2(D)(1) that provides: "Any objection to confirmation of a chapter 13 plan shall be filed not later than forty-five days after the filing of an original plan or thirty days after the filing of a modified plan." The issue defined by the Bank, in essence, raises two concerns. The first question is whether a bankruptcy court may impose time limits not found in the bankruptcy code through local rules, and the second concern is whether the local rules limit a secured creditor's right to seek relief from the automatic stay for lack of adequate protection.

"The local rules were adopted by the bankruptcy judges of this district to counteract delays being encountered by the court in the administration and closing of bankruptcy cases. The rules have worked well and generally have accomplished their purpose." *In re Doniff,* 133 B.R. 351, 354 (Bankr.E.D.Va. 1991). This Court must ensure that the local bankruptcy rules to do not adversely impact a party's right to due process. So long as creditors are given "notice 'reasonably calculated under all the circumstances, to apprise [them] of the pendency of the action and afford them an opportunity to present their objections,'" *State of Maryland v. Antonelli Creditors' Liquidating Trust,* 123 F.3d 777, 783 (4th Cir.1997) (quoting *Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)), there is no due process concern. The Bank was given notice of the time restriction dictated by Local Rule 3015–2(D)(1) in paragraph A–6 of the proposed plan. The Bank does not argue that it was not given adequate

notice of the confirmation or insufficient time to file any possible objections. Accordingly, the time limits provided for in the local rules do not implicate the Bank's due process rights.

■ As mentioned above, there is nothing in the local rules that imposes a time limit upon the filing of a motion for relief from the automatic stay. Local Rule 3015–2(D)(1), which limits the time in which parties may object to proposed plans, does not unduly restrict a secured creditor's right to seek relief from the automatic stay. If a secured creditor fails to object to a proposed plan, then the creditor is precluded from raising that claim in a later motion. However, after the confirmation of the plan if circumstances then develop in which a secured creditor will not be adequately protected, then that creditor may make a motion seeking relief from the automatic stay. *See In re Brooks,* 26 B.R. at 211; *In re Lewis,* 8 B.R. at 137.

3. *Is there a sufficient basis in this case to justify summary denial at a preliminary hearing on Chevy Chase Bank's Motion for Relief from the Automatic Stay or, in the Alternative, for Adequate Protection, without the opportunity to present evidence of the Bank's lack of adequate protection, which is the basis for the relief sought?*

As discussed above, the Bank's Motion raised a claim that should have been presented as an objection prior to the confirmation of Locke's plan. *See* discussion *supra* II(B)(1). Since the Bank failed to raise the claim in a timely manner, the bankruptcy court was precluded from considering the Bank's Motion on the merits. Accordingly, there was no need for the Bank to present evidence regarding its motion, and the decision of the bankruptcy court should be affirmed.

4. *Did the bankruptcy court properly rely on the analysis in In re Dews, 191 B.R. 86 (Bankr.E.D.Va.1995), in denying Chevy Chase Bank's Motion for Relief from the Automatic Stay or, in the Alternative, for Adequate Protection?*

The Bankruptcy Court for the Eastern District of Virginia in *In re Dews,* 191 B.R.

86 (Bankr.E.D.Va.1995), held that a debtor is not required to make adequate protection payments to a secured creditor in order to compensate that creditor for depreciation of the vehicle while the creditor is waiting for distributions under the reorganization plan. *Id.* at 92. The court reasoned that a few months of depreciation on a vehicle would not leave the secured creditor with collateral that had little or no value. *Id.* Moreover, the creditor is protected by the terms of the plan. *Id.* Finally, the court concluded by commenting that "[d]epreciation of personal property and the effects of bankruptcy filings are business risks that creditors such as [the Bank] are well aware.... However, as in life, all risks can not be eliminated under the Bankruptcy Code ..." *Id.*

The facts in the case at bar are identical to the facts in *Dews.* The secured creditors in both cases claimed that their collateral, vehicles, were not adequately protected under a plan because the debtors were allowed to use and depreciate the vehicles and not make full payments on the debt. The Bank does not attempt to distinguish its case from *Dews* and fails to present any arguments to this Court why *Dews* is not a correct interpretation of the law. Therefore, the Court must affirm the bankruptcy court's application of *Dews* to this case in denying the Bank's Motion for Relief from the Automatic Stay.

### III. CONCLUSION

For the reasons stated above, the Order of the Bankruptcy Court for the Eastern District of Virginia is **AFFIRMED.**

The Clerk of the Court is **DIRECTED** to forward copies of this Order to the Trustee and counsel for all parties.

**IT IS SO ORDERED.**