## UNITED STATES of America INTERNAL REVENUE SERVICE

v.

## John DRIGGS.

### Civ. No. JFM–95–1005.

United States District Court,
D. Maryland.

May 26, 1995.

James J. Wilkinson, U.S. Dept. of Justice, Washington, DC, for plaintiff.

Nelson C. Cohen, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Daniel M. Litt, George Richard Pitts, Dickstein, Shapiro & Morin, Washington, DC, for defendant.

### MEMORANDUM

MOTZ, Chief Judge.

The relevant facts on this bankruptcy appeal may be briefly stated. John Driggs, a debtor in a Chapter 11 proceeding, owed a tax liability to the Internal Revenue Service. The IRS, in turn, owed Driggs a refund for another tax year. During the course of the bankruptcy proceeding Driggs proposed a plan of reorganization to which the IRS did not object and which has now been confirmed. The plan provides that the tax liability due by Driggs to the IRS is to be paid in full over a six-year period with interest at 7% per annum. The plan prohibits any creditor from asserting any setoff against any obligation due to Driggs. Nevertheless, after the plan was confirmed, the IRS filed a motion requesting that it be permitted to set off the refund due to Driggs against Driggs' tax liability. The bankruptcy court denied the motion, and the IRS has appealed that ruling.

The issue presented involves the interplay between 11 U.S.C. § 553(a) and 11 U.S.C. § 1141(a). Section 553(a) provides in rele-

vant part that "except as otherwise provided in ... [sections not here relevant], this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor."[1] Section 1141(a) provides in relevant part that "except as otherwise provided in ... [sections not here relevant], the provisions of a confirmed plan bind ... any creditor ..., whether or not the claim or interest of such creditor ... is impaired under the plan."

Read literally, the language of these two statutes are in irreconcilable conflict with one another on the point here presented. If § 553(a) takes precedence, as some courts have held that it does, see, e.g., *Carolco Television, Inc. v. National Broadcasting Co. (In re De Laurentiis Entertainment Group, Inc.)*, 963 F.2d 1269, 1276 (9th Cir.), cert. denied, —— U.S. ——, 113 S.Ct. 330, 121 L.Ed.2d 249 (1992); *Pettibone Corp. v. United States (In re Pettibone Corp.)*, 161 B.R. 960 (N.D.Ill.1993), *aff'd in part, remanded in part, on other grounds*, 34 F.3d 536 (7th Cir.1994), the IRS is entitled to offset the tax refund against Driggs' tax liability despite the fact that the setoff would violate the terms of the confirmed reorganization plan. If, on the other hand, as the bankruptcy court held below, § 1141(a) takes precedence, the IRS has no right of setoff.

In my view, under prevailing Fourth Circuit law, the bankruptcy court reached the right conclusion. In *United States v. Reynolds*, 764 F.2d 1004 (4th Cir.1985), the court held that the IRS had violated the automatic stay imposed by 11 U.S.C. § 362 when the IRS, after confirmation of a plan of reorganization that provided adequate protection that the debtor's federal tax liabilities would be paid, retained a tax refund due to the debtors. Although *Reynolds* involved a Chapter 13 rather than a Chapter 11 proceeding, the IRS does not argue here that there is any significant difference between the two types of proceedings for present purposes.

Regardless of the chapter under which a reorganization is being accomplished, what ultimately is at stake is a choice between two conflicting policies: (1) not requiring a creditor to disgorge an asset in its possession belonging to a debtor who still owes it money, and (2) facilitating a reorganization found to be in the interest of all creditors by mandating such a disgorgement. In *Reynolds* the Fourth Circuit chose in favor of the latter of these policies, and the bankruptcy court's refusal to permit the IRS to offset the tax refund was therefore proper.

### ORDER

For the reasons stated in the memorandum entered herewith, it is, this 26th day of May, 1995,

ORDERED that the order entered by the bankruptcy court on February 2, 1995, denying the Motion for Relief from Stay Filed by the Internal Revenue Service be affirmed.

---

1. It is undisputed that the debts between Driggs and the IRS were mutual.