In re Jeffrey Neil THERNEAU and Sharon Diane Therneau, Debtors.

Bankruptcy No. 97–01510–5–ATS.

United States Bankruptcy Court, E.D. North Carolina, Raleigh Division.

Nov. 26, 1997.

---

John F. Logan, Kirschbaum, Nanny, Logan & Brown, P.A., Raleigh, NC, for American General Finance of America, Inc.

Trawick H. Stubbs, Jr., Stubbs, Pahl & Perdue, P.A., New Bern, NC, Trustee.

Donald A. Davis, Raleigh, NC, for Debtor.

**ORDER DENYING OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN, ORDER DISALLOWING SECURED CLAIM, AND ORDER AVOIDING LIEN**

A. THOMAS SMALL, Chief Judge.

The matter before the court is the objection filed by American General Finance of America, Inc. ("American General") to the chapter 13 plan filed by the debtors, Jeffrey Neil Therneau and Sharon Diane Therneau. A hearing was held in Raleigh, North Carolina on November 18, 1997. The objection will be denied.

Mr. and Mrs. Therneau filed for relief under chapter 13 of the Bankruptcy Code on

August 22, 1997, and listed American General on their schedules as an unsecured creditor with a claim of $4,000. The debtors proposed a plan that provided for 54 monthly payments of $550 and that treated American General's claim as unsecured.

American General filed a proof of claim asserting a claim of $4,676.67 secured by a lawnmower, weedeater, patio furniture, IBM home computer, bowling equipment, golf equipment, stereo, 3 TVS and 2 VCRs. No objection was filed to American General's secured claim, and there is no mention of American General's secured claim in the debtor's chapter 13 plan.

American General contends that the plan cannot be confirmed because it fails to deal with American General's secured claim. The debtors contend that American General never filed a financing statement, that American General's security interest is unperfected, and that American General does not have a secured claim that must be paid through the plan.

American General, which as a policy does not file financing statements to perfect its security interests in consumer goods, readily concedes that pursuant to North Carolina General Statute § 25–9–301(1)(b) its security interest is not perfected in this bankruptcy case.[1] Nevertheless, American General argues that it has a valid secured claim because the debtors did not file an adversary proceeding to avoid its unperfected security interest.

The United States Court of Appeals for the Fourth Circuit in *Cen–Pen Corp. v. Hanson*, 58 F.3d 89 (4th Cir.1995) held that the creditor's security interest survived confirmation of the debtors' plan because the debtors "failed to take appropriate steps to avoid the creditor's liens." *Id.*, at 91. The issue presently before the court, however, is confirmation of the debtors' plan, not the survival of American General's lien after confirmation.

■ At the confirmation hearing American General admitted that its lien was unperfected, and consequently, its treatment in the plan as an unsecured creditor is entirely appropriate and consistent with the undisputed facts. To treat American General as a secured creditor would be prejudicial to and unfairly discriminate against other unsecured creditors. Accordingly, American General's objection will be denied, and the debtors' plan will be confirmed.

■ But, there is more to this case than confirmation of the plan. The real issue is that raised in *Cen–Pen:* Will American General's unperfected lien survive confirmation of the debtors' plan? American General argues that according to the Fourth Circuit's ruling in *Cen–Pen*, the debtors must take affirmative action, i.e., bring an adversary proceeding, to avoid the unperfected lien. The court agrees that affirmative action is required to avoid the lien, but disagrees that the action must be an adversary proceeding.

■ The court in *Cen–Pen* stated that "to extinguish or modify a lien during the bankruptcy process, some affirmative step must be taken toward that end." 58 F.3d at 92. As a general rule, "liens pass through bankruptcy unaffected," and "[u]nless the debtor takes appropriate affirmative action to avoid a security interest in property of the estate, that property will remain subject to the security interest following confirmation." *Id.* at 92 (citations omitted). The affirmative action that the court called for in *Cen–Pen*, which involved a bona fide dispute between the chapter 13 debtors and a creditor concerning the effect of a prebankruptcy settlement, was an adversary proceeding.

Rule 7001(2) of the Federal Rules of Bankruptcy Procedure provides that a proceeding "to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)" is an adversary proceeding. Furthermore, the court in *Cen–Pen* held that "confirmation [of a chapter 13 plan] generally cannot have preclusive effect as to the validity of a lien,

---

1. North Carolina General Statute § 25–9–301(1)(b) provides that an unperfected security interest is subordinate to the rights of "a person who becomes a lien creditor before the security interest is perfected." A "lien creditor" is defined to include "a trustee in bankruptcy from the date of the filing of the petition." N.C. GEN.STAT. § 25–9–301(3).

which must be resolved in an adversary proceeding." 58 F.3d at 93.

While Rule 7001(2) clearly requires that the validity, priority, and the extent of liens must be challenged in an adversary proceeding, an adversary proceeding is not the only procedure for eliminating a lien. The avoidance of liens under § 522(f) does not require an adversary proceeding because this section is specifically excluded from Rule 7001(2). But, secured claims may also be challenged by objection and may be modified or removed by the valuation process pursuant to 11 U.S.C. § 506(a) and (d) and Rule 3012.

■ If a creditor files a secured proof of claim and includes no documentation to support the existence of a security interest, the debtor need not file an adversary proceeding to reduce the claim to an unsecured claim; a less formal objection to the claim is sufficient. Similarly where, as in this case, a creditor makes no claim of having a perfected security interest, an objection to the secured claim rather than an adversary proceeding would be an appropriate way to challenge the lien.[2]

Another means short of an adversary proceeding to modify the lien is the valuation process and the application of § 506(a) and (d). The debtor could have the creditor's collateral valued and the amount of the secured claim determined pursuant to § 506(a); the lien could then be avoided under § 506(d) to the extent "that [the] lien secures a claim against the debtor that is not an allowed secured claim." 11 U.S.C. § 506(d). The procedure for valuation is provided in Rule 3012 and does not require an adversary proceeding. The procedure varies from district to district but must always satisfy the creditors' right to due process. *Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d

160, 162 (4th Cir.1993). Pursuant to the valuation procedure in this district, the allowed amounts of the secured claims are clearly set forth in the chapter 13 plan confirmation order and the secured creditors receive notice of the proposed treatment of their claims and are given 20 days to object.

■ In the present case where American General's admittedly unperfected lien is inferior to that of the trustee pursuant to North Carolina General Statute § 25–9–301(1)(b), the value of the collateral to American General is zero, and American General has no allowed secured claim.

To summarize, as a general rule liens pass through bankruptcy unaffected unless there is affirmative avoidance action taken. Sometimes that action must be an adversary proceeding, but in some circumstances, as in this case where the secured creditor has made no attempt to perfect its lien, the lien may be challenged by an objection. Liens may also be modified through the valuation process, which in this district involves notifying the secured creditor of the allowed amount of the secured claim through the confirmation order and giving the creditor an opportunity to object.

■ In this case the debtors took no affirmative steps to avoid American General's lien, but the viability of the lien became an issue when the debtor responded to American General's objection to confirmation. American General's objection was based on the debtors' failure to deal with American General's secured claim in the plan. The debtors responded that American General has no perfected security interest, and American General agreed. Because that issue has been decided, it is unnecessary for the debt-

---

**2.** The requirements for objections to claims pursuant to 11 U.S.C. § 502(a) are set forth in Rule 3007, which requires that the objection be in writing and be filed. In some circumstances the objection could be part of the debtor's plan as long as the required notice to the claimant is given pursuant to Rule 3007. Bankruptcy Code § 1322(b)(10) provides that a chapter 13 plan may "include any other appropriate provision not inconsistent with [the Bankruptcy Code]." Section 1322(b)(10), like § 1123(a)(5) in chapter 11, is an "empowering statute." *See In re FCX,*

*Inc.,* 853 F.2d 1149, 1155 (4th Cir.1988). Where a claimant has no colorable argument for perfection of its security interest, a plan provision that is an objection to the secured creditor's claim is an "appropriate provision not inconsistent with [the Bankruptcy Code]" as long as the procedural requirements for claims' objections are met. Of course, if no proof of claim is filed, this procedure would not be applicable, and another form of affirmative action would be required to prevent the unperfected lien from surviving.

ors to file an objection or to use the valuation process.

The same issue involving American General is being considered by Judge J. Rich Leonard. He has reviewed this opinion and is in agreement with its holding.

Accordingly, American General's objection to confirmation is **DENIED,** American General's secured claim is **DISALLOWED,** and American General's security interest is **AVOIDED** pursuant to § 506(d).

**SO ORDERED.**