**In re TWINS, INC., Debtor.**

No. 01–11321–W.

United States Bankruptcy Court,
D. South Carolina.

Jan. 28, 2004.

Charles Pelot Summerall, IV, Buist, Moore, Smythe & McGee, PA, Charleston, SC, for Debtor.

Mary G. Slocum, Columbia, SC, for trustee.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER came before the Court on the Motion (the "Motion") of Stephen Craig White, Sr. ("White") for Relief from the Order Confirming Plan entered on March 17, 2003 (the "Confirmation Order"). The Motion was filed on October 20, 2003. On November 11, 2003, John E. Haas, the duly appointed and acting Chapter 11 Trustee ("Trustee") for Twins, Inc. ("Debtor"), filed an Objection to the Motion (the "Objection"). White filed his Reply (the "Reply") on November 17, 2003.

In the Motion, White asks the Court for relief from the provisions of the Confirmation Order disallowing his claims and enjoining him from asserting any counterclaims or affirmative defenses (including setoff) in a state court foreclosure action filed by the Debtor in which White is a defendant. White bases his request for relief on Rule 60(b)(6) of the Federal Rules of Civil Procedure, as made applicable to the Motion by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

The Court held a hearing on the Motion on November 18, 2003. Based upon the record in this case and the arguments presented by the respective parties, the Court makes the following Findings of Fact and Conclusions of Law [1]:

## FINDINGS OF FACT

1. This bankruptcy case commenced on October 25, 2001, upon the filing of an involuntary Chapter 7 bankruptcy petition against the Debtor.

2. Shortly before the involuntary Chapter 7 petition was filed, on September 17, 2001, the Debtor filed a mortgage foreclosure action in the Richland County Court of Common Pleas, Civil Action Number 2001–CP–40–3855 (the "Foreclosure Action").

3. White was added as a defendant to the Foreclosure Action by Amended

---

[1]. Any Finding of Fact more appropriately considered a Conclusion of Law in whole or in part should be interpreted as such, and vice versa.

Complaint filed on November 16, 2001.

4. On December 19, 2001, the Court granted the involuntary petition and entered an order allowing the Debtor to convert the case to Chapter 11.

5. On January 31, 2002, White filed his Answer in the Foreclosure Action, in which he asserted affirmative defenses and a counterclaim seeking damages against Twins, Inc.

6. The Trustee was appointed on April 17, 2002.

7. White was not listed as a creditor in the Debtor's Schedules, though White had knowledge of the bankruptcy case. On October 28, 2002, five months after the May 30, 2002 claims bar date, White filed an unsecured Proof of Claim for "unliquidated damages in C/A 02–CP–40–3855." For the description of his claims, White attached his Answer and Counterclaim in the Foreclosure Action. White is an attorney in Columbia, South Carolina. His legal counsel in the Foreclosure Action, Steven Dennis, Esq., filed the Proof of Claim on White's behalf.

8. On December 17, 2002, the Trustee filed his Disclosure Statement and Liquidation Plan. Both the Disclosure Statement (page 23) and the Liquidation Plan (page 11) contained the following provision governing White's claims:

Class 6—Putative Creditors—Unsecured, *impaired*. This class is comprised of Stephen Craig White, Sr., George Starega and Darlene Starega, and Hipp Enterprises. Any putative claim of these parties will be deemed disallowed, these Putative Creditors will receive no distribution under the Plan or otherwise, and the Putative Creditors will be enjoined post-confirmation from further asserting any affirmative defenses or counterclaims.

9. The Certificate of Service filed on December 17, 2002, demonstrates that the Disclosure Statement and Liquidation Plan were served on both White and Steven Dennis, the attorney who filed the Answer in the Foreclosure Action and the Proof of Claim on White's behalf.

10. On January 28, 2003, the Trustee filed his First Amended Disclosure Statement (the "Amended Disclosure Statement") and his First Amended Liquidation Plan (the "Amended Plan").

11. The Amended Disclosure Statement (pages 21–22) and Amended Plan (page 10) contained the same provisions disallowing White's claims that were included in the December 17 Disclosure Statement and Liquidation Plan. However, in both the Amended Disclosure Statement and Amended Plan these provisions were underlined for emphasis.

12. The Certificate of Service filed on February 3, 2003, demonstrates that the Amended Disclosure Statement and Amended Plan were served on both White and his legal counsel. The accompanying Order notified White of the deadline for filing written objections to confirmation of the Amended Plan and the date of the hearing on confirmation of the Amended Plan, and included a Ballot for Accepting or Rejecting the Amended Plan.

13. White did not object to the Amended Disclosure Statement or Amended Plan, submit a ballot, or attend the March 11, 2003 hearing on confirmation of the Amended Plan.

14. The Court confirmed the Amended Plan by Order entered March 17, 2003. The Confirmation Order contained the following provision disallowing White's claims:

As provided in the Plan concerning the Class 6 "Putative Creditors" (Stephen Craig White, Sr., George Starega and Darleen Starega, and Hipp Enterprises), any claim of these parties will be deemed disallowed, these Putative Creditors will receive no distribution under the Plan or otherwise (except as provided in the Second Amendment concerning the Staregas), and the Putative Creditors will be enjoined post-confirmation from further asserting any affirmative defenses or counterclaims against the Trustee or the Debtor's estate.

15. White did not appeal the Confirmation Order.

## CONCLUSIONS OF LAW

A. ***This Court Has Jurisdiction Over White's Claims Including Setoff And All Other Affirmative Defenses Included In His Answer And Counterclaim In The Foreclosure Action***

■ White filed his Proof of Claim in this Court and attached as the description of the claim his answer, counterclaim and affirmative defenses filed in the Foreclosure Action. A review of the Answer and Counterclaim attached to the Proof of Claim reveals that White asserted a counterclaim and a right of setoff based on an alleged violation of the Debtor's duty of good faith and fair dealing. *See* Attachment to Proof of Claim at p. 1–2.

In *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), the United States Supreme Court held that: "by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power." (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)). Accordingly, by including all of his claims from the Foreclosure Action in his Proof of Claim, White necessarily brought those claims within the jurisdiction of the Bankruptcy Court to determine allowance or disallowance. It is the disallowance of his claims under the confirmed Amended Plan that White now seeks to undo.

White argues that the Court lacks jurisdiction over the Foreclosure Action. While the Foreclosure Action is a state court action, the exact same claims asserted by White in the Foreclosure Action were included in his Proof of Claim against the Debtor's estate. Pursuant to White's filing of the Proof of Claim, this Court has jurisdiction over White's claims included therein, including his claim for setoff. Therefore, by disallowing the claims asserted by White in his Proof of Claim, the Court has not exceeded its equitable jurisdiction as set forth in *Langenkamp*.

B. ***The Standard On A Motion For Relief From Judgment Has Not Been Met***

1. *The Governing Standard Is Fed. R.Civ.P. Rule 60(b)(6)*

■ White seeks relief from the Confirmation Order under Rule 9024 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 60(b) of the Federal Rules of Civil Procedure. White bases his Motion on Rule 60(b)(6), the catch-all provision of Rule 60(b) which permits a court to order relief from judgment for "any other reason justifying relief from the operation of the judgment." In order to prevail on a motion under Rule 60(b)(6), a movant must show that (1) the motion was

timely filed, (2) the motion is premised on a meritorious defense, (3) there is no prejudice to the opposing party, and (4) there are exceptional circumstances warranting the relief requested. *See Smith v. Bounds,* 813 F.2d 1299, 1303 (4th Cir.1987)(denying motion for reconsideration where movant failed to show exceptional circumstances warranting the relief requested).

### 2. White Bears A Heavy Burden Under Rule 60(b)(6)

 Based on the requirements set forth above, the movant's burden is substantial. Relief pursuant to Rule 60(b)(6) is intended to be an extraordinary remedy. *Boyd v. Bulala,* 905 F.2d 764, 769 (4th Cir.1990); *see also Russell v. Delco Remy Division of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995).[2] Moreover, "[t]he rule was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Id.* (citing *McMillan v. MBank Fort Worth, N.A.,* 4 F.3d 362, 367 (5th Cir. 1993)). As discussed below, White has failed to show a meritorious defense or exceptional circumstances and, therefore, has not met his considerable burden under Rule 60(b)(6). Accordingly, his Motion must be denied.

### 3. White's Claims Set Forth In The Foreclosure Action, Including Setoff, Were Properly Disallowed In The Confirmed Amended Plan

 11 U.S.C. § 1123(b)(1) permits a plan to impair any class of claims, and Section 1123(b)(5) authorizes modification of the rights of holders of secured and unsecured claims subject to exceptions not applicable to this case. Therefore, "... pursuant to a plan, a debtor may generally

adjust or alter preexisting rights, or may eliminate them altogether, subject to certain restrictions and limitations" not applicable to this case. 5 *Collier on Bankruptcy,* ¶ 553.08 (15th ed. rev.2002). In this case, the Amended Plan specifically provided that "*[a]ny putative claim of [the Putative Creditors, specifically including White] will be deemed disallowed ... and the Putative Creditors will be enjoined post-confirmation from further asserting any affirmative defenses or counterclaims.*" *See* Amended Plan at p. 10 (emphasis in original). White did not object to that provision, the Amended Plan was confirmed by Order entered on March 17, 2003, and that Order was not appealed.

White claims that 11 U.S.C. § 553 provides a right of setoff under state law that survives the confirmation of the Amended Plan. Section 553 does provide for a right of setoff against a debtor "... except to the extent that—(1) the claim of such creditor against the debtor is *disallowed;* ...." 11 U.S.C. § 553(a) (emphasis added). White's counterclaim and affirmative defense of setoff, which he asserted in his Proof of Claim, were specifically disallowed under the confirmed Amended Plan. Accordingly, based on the exception expressed in Section 553(a)(1), White's asserted right to setoff does not survive the specific disallowance of White's claims in the confirmed Amended Plan.

White's reliance on *In re De Laurentiis Entertainment Group, Inc.,* 963 F.2d 1269 (9th Cir.1992), is misplaced. In *De Laurentiis,* the Ninth Circuit Court of Appeals addressed the issue of whether a right of setoff "not listed in the plan" was extinguished as a result of the plan's confirmation based on Sections 1141(c) and (d). *See De Laurentiis,* 963 F.2d at 1271, 1274.

---

**2.** *See also* this Court's December 5, 1995 Unpublished Order in *Dunes Hotel Associates v.*

*Hyatt Corp.,* Adv. Pro. No. 95–08042 at pp. 10–11, Footnote 2.

NBC's claim for setoff was not allowed or disallowed under the plan, so the question arose as to whether the right of setoff survived the confirmation of the plan or was extinguished under Sections 1141(c) and (d). That analysis does not control this case, however, because White's claims, including setoff, were specifically addressed and disallowed in the Amended Plan and the Confirmation Order.

"Indeed, where there is a specific provision in the confirmation order prohibiting setoff claims, courts have indicated that the right to setoff may not survive." *Daewoo Int'l Corp. Creditor Trust v. SSTS America Corp.*, No. 02–9626, 2003 WL 21355214, at *4 (S.D.N.Y. June 11, 2003) (citing *In re Lykes Bros. Steamship Co.*, 217 B.R. 304 (Bankr.M.D.Fla.1997)). Accordingly, based on the specific language of the confirmed Amended Plan and the fact that White received adequate notice of the Amended Plan to satisfy his due process rights as set forth below, § 1141 operates as a bar to any setoff rights White may assert. *See In re Continental Airlines*, 134 F.3d 536 (3d Cir.1998) (extinguishing right of setoff where right was not exercised prior to confirmation of plan and noting that § 1141 cannot be disregarded); *United States v. Driggs*, 185 B.R. 214 (D.Md.1995) (finding that § 1141 takes precedence over § 553 where IRS failed to object to plan that prohibits creditor from asserting setoff); *In re Lykes Bros. Steamship Co.*, 217 B.R. at 310–311 (creditor barred by doctrine of *res judicata* from asserting setoff right extinguished by confirmation of plan).

Courts have consistently held that a bankruptcy court's order of confirmation is treated as a final judgment with *res judicata* effect. *See Stoll v. Gottlieb*, 305 U.S. 165, 170–171, 59 S.Ct. 134, 83 L.Ed. 104 (1938); *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir.1996); *Piedmont Trust Bank v. Linkous*, 990 F.2d 160, 162 (4th Cir.1993). In analyzing the preclusive effect of a plan confirmation order, the Fourth Circuit Court of Appeals held that "parties may be precluded from raising claims or issues that they *could have or should have raised* before confirmation of a bankruptcy plan, but failed to do so." *In re Varat*, 81 F.3d at 1315 (emphasis added). Moreover, federal courts have consistently applied *res judicata* and waiver principles to bar a party from asserting a legal position after failing, without reason, to object to the relevant proposed plan or to appeal the confirmation order. *Id.*

In support of his Motion requesting this "extraordinary relief" under Rule 60(b)(6), White does not provide any explanation for why he failed to object to the Amended Plan. He and his counsel were served with the Disclosure Statement, the Plan, the Amended Disclosure Statement, and the Amended Plan, all of which clearly provided for the disallowance of his claims and expressly prohibited his counterclaim and affirmative defenses. Furthermore, White failed to appeal the Confirmation Order. These failures to act constitute a waiver by White of his asserted rights.

■ Based on the facts of this case, the Confirmation Order precludes White from raising his disallowed claims and defenses in the Foreclosure Action. A prior order or judgment has preclusive effects when: 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding. *See Varat*, 81 F.3d at 1315 (citing *Kenny v. Quigg*, 820 F.2d 665, 669 (4th Cir.1987)).

■ First, as discussed above, a bankruptcy court order confirming a plan

constitutes a final judgment on the merits with *res judicata* effect. This Court has jurisdiction over the claims, including set-off, set forth in White's Answer and Counterclaim in the Foreclosure Action because he asserted those same claims against the Debtor's estate in his Proof of Claim. Second, White was a party to the claims process in the bankruptcy case by filing his Proof of Claim. He was properly served with the Amended Disclosure Statement and Amended Plan, and he was given proper notice of the March 11, 2003 confirmation hearing. Third, the claims in the Foreclosure Action are not only based upon the same claims disallowed in the Confirmation Order, they are the exact same claims. "When all of the requirements for claim preclusion are satisfied, the judgment in the first case acts as an absolute bar to the subsequent action with regard to every claim which was actually made and those which might have been presented." *Varat*, 81 F.3d at 1317. Accordingly, White's counterclaims and affirmative defenses, including setoff, are barred in the Foreclosure Action.

Furthermore, White may not rely on the Ninth Circuit Bankruptcy Appellate Panel's decision in *Varela v. Dynamic Brokers, Inc. (In re Dynamic Brokers, Inc.)*, 293 B.R. 489 (9th Cir. BAP 2003), to escape the express disallowance of his claims in the confirmed Amended Plan. *Varela* involved a secured claim that was initially scheduled by the debtor without designating it as disputed, contingent or unliquidated. As such, the claim was deemed filed under 11 U.S.C. § 501 and deemed allowed under 11 U.S.C. § 1111(a) and Fed. R. Bankr.P. Rule 3003. *Id.* The Panel concluded that it was improper to use the plan confirmation process to disallow a claim that had previously been deemed allowed. *Id.* at 497. Instead, the Panel ruled that the debtor needed to comply with the due

process notice requirements contained in Rule 3007. *Id.*

This case is distinguishable from *Varela* because White's claim was never scheduled by the Debtor, and thus his claim was never deemed allowed. Furthermore, in *Varela*, Debtor suddenly changed course in a second amended plan, reducing the creditor's claim from that set forth in debtor's schedules and its first two versions of its plan. Additionally, as set forth in greater detail below, the notices provided to White by the Trustee were sufficient to satisfy the due process notice requirements set forth in Rule 3007. Accordingly, White's counterclaims and affirmative defenses including setoff were properly disallowed in the confirmed Amended Plan.

4. *White Received Adequate Notice That His Claims Were Being Disallowed*

▮ White asserts in his Reply that he received no clear and explicit notice that the Trustee would disallow his claims by and through the Disclosure Statement and Plan and, later, the Amended Disclosure Statement and Amended Plan. White goes on to qualify this statement, acknowledging that language disallowing the claims does appear in the text of those documents, but that the operative provisions specifically disallowing White's claims were "buried" on page 10 of the Amended Plan and pages 21–22 of the Amended Disclosure Statement.

The standard for determining whether creditors received adequate notice is whether the creditors received notice "reasonably calculated to apprise [them] of the pendency of the action and afford them an opportunity to present their objections." *Maryland v. Antonelli Creditors' Liquidating Trust*, 123 F.3d 777, 783 (4th Cir. 1997) (quoting *Mullane v. Central Hanover Bank and Trust*, 339 U.S. 306, 314, 70

S.Ct. 652, 657, 94 L.Ed. 865 (1950)). With regard to the required notice of hearing on confirmation of the plan, under Fed. R. Bankr.P. 2002(b) parties in interest must receive at least 25 days notice by mail of the time fixed for filing objections and the hearing to consider confirmation of the plan. *See In re Banks,* 299 F.3d 296, 301 (4th Cir.2002). However, "Bankruptcy Rule 2002(b) does not require specific notice of plan provisions affecting a particular creditor, nor does it require the notice to be served in any particular manner or upon any particular person." *Id.*

It is undisputed that the Trustee served both White and his attorney with the notice required under Rule 2002 on February 3, 2003, 36 days prior to the hearing on confirmation of the Amended Plan. The notice included the Amended Plan, the Amended Disclosure Statement, the Order fixing the dates for (1) filing written objections to confirmation of the Plan and (2) for the hearing on confirmation of the Amended Plan, and the Ballot for Accepting or Rejecting the Amended Plan. Both the Amended Disclosure Statement and Amended Plan provided that:

> *Class 6—Putative Creditors—Unsecured, impaired. This class is comprised of Stephen Craig White, Sr., George Starega and Darlene Starega, and Hipp Enterprises. Any putative claim of these parties will be deemed disallowed, these Putative Creditors will receive no distribution under the Plan or otherwise, and the Putative Creditors will be enjoined post-confirmation from further asserting any affirmative defenses or counterclaims.*

The Ballot for Accepting or Rejecting the Amended Plan provided that:

> You should review the disclosure statement and plan before you vote. You may wish to seek legal advice concerning the plan and your classification and treatment under the plan. Your claim or equity interest has been placed in a specific class under the plan....
>
> If the plan is confirmed by the court it will be binding on you whether or not you vote.

Because the treatment of White's claims is expressly set forth and underlined in the Amended Plan and Amended Disclosure Statement, which were timely served on White and his counsel, White's argument necessarily implies that separate notice of disallowance of his claims must be given to White apart from the notice required under Rule 2002. With regard to notice of disallowance of a claim, the requirements for giving such notice are set forth in Fed. R. Bankr.P. 3007. *In re Therneau,* 214 B.R. 782, 782 n. 2 (Bankr.E.D.N.C.1997). The disallowance of the claim can be part of the debtor's plan as long as the required notice to the claimant is given pursuant to Rule 3007. *Id.* Rule 3007 requires that the objection to allowance of a claim be in writing and filed and mailed to the claimant at least 30 days prior to the hearing. In this case, the Trustee gave White and his attorney written and filed notice of the disallowance of his claims, including his affirmative defenses, more than 30 days prior to the hearing on the Amended Plan by serving them with the Amended Plan and Amended Disclosure Statement and with notice of the relevant dates for filing objections and the confirmation hearing. Furthermore, the language in the Amended Plan addressing White's claims meets the heightened notice standard set forth in Rule 3016(c), which requires specific and conspicuous language in a plan providing for an injunction. Accordingly, there would have been no additional due process benefit to a notice provided under Rule 3007 that was not provided by the notice of the Amended Disclosure Statement and

Amended Plan served upon White and his counsel.

It should have come as no surprise to White that the Amended Plan, which is the culmination of the entire case and signals treatment of all creditors in a debtor's bankruptcy case, would address his claim. In bankruptcy cases, creditors bear the burden of policing the plan's treatment of claims. *Varat Enterprises, Inc. v. Nelson, Mullins, Riley and Scarborough*, 81 F.3d 1310 (4th Cir.1996) (citing *Matter of Gregory*, 705 F.2d 1118, 1123 (9th Cir.1983)) (concluding that creditor who ignores bankruptcy proceeding by failing to object does so at his own peril); *In re Williams*, 166 B.R. 615, 619 (Bkrtcy. E.D.Va.1994) (same); *see also In re Linkous*, 990 F.2d 160, 163 (4th Cir.1993) ("[W]e do expect creditors to take some responsibility in the bankruptcy process or lose their rights.") White and his counsel failed to object to the Amended Plan's disallowance of his claims despite the fact that such disallowance was clearly and explicitly provided for in the Amended Plan and Amended Disclosure Statement which were timely served on them.

White argues that the notice was inadequate because the information specifically dealing with his claims was several pages into the Amended Disclosure Statement and Amended Plan. However, the location of the provision "does not make the information that was provided insufficient." *Antonelli*, 123 F.3d at 783. Accordingly, White was provided with the information necessary to apprise him of the pendency of the Amended Plan and afford him an opportunity to present his objections to confirmation of the Amended Plan. Accordingly, the notice provided to White and his counsel was adequate to satisfy both Rule 2002 and Rule 3007.

White cites several cases for the proposition that the notice does not satisfy the requirements stated by the Fourth Circuit Court of Appeals. White's citation to *In re Banks* is inapposite because *Banks* involved the discharge of a student loan in a confirmed Chapter 13 plan. *Banks*, 299 F.3d 296. 11 U.S.C. Section 523(a)(8) specifically precludes discharge of the debtor's student loan debt without a showing of undue hardship which can only be established through an adversary proceeding. *Id.* at 302. Accordingly, in *Banks* the debtor's Rule 2002 notice did not satisfy the requirement for an adversary proceeding. *Id.* No such adversary proceeding is required in this case.

White's reliance on the Fourth Circuit Court of Appeals' decision in *In re Linkous* is equally misplaced. Also a Chapter 13 case, the notice provided in *Linkous* did not disclose that the debtor was reclassifying a secured creditor's claim into a partially unsecured claim. *Linkous*, 990 F.2d at 163. *Linkous* is distinguishable from this case in that the Amended Plan and Amended Disclosure Statement explicitly provided notice to White and his counsel that his claims and affirmative defenses would be disallowed if the Amended Plan was confirmed.

*In re Jankins*, 184 B.R. 488 (Bankr. E.D.Va.1995), also cited by White, deals with a Chapter 11 plan that, by its terms, required creditors to file proofs of claim within 85 days of confirmation even if they had previously done so. The Bankruptcy Court for the Eastern District of Virginia held that a creditor "would have no reason to anticipate or expect that a reorganization plan would (or could) impose additional requirements with respect to allowance of claims beyond those imposed by the applicable rules." *Id.* at 493. Thus, the plan provision was inconsistent with the applicable provisions of the Bankruptcy Code. *Id.* Inconsistency between the Bankruptcy Code and the provisions of a Chap-

ter 11 plan is not an issue in this case. 11 U.S.C. § 1123(b)(1) permits a plan to impair any class of claims, and Section 1123(b)(5) authorizes modification of the rights of holders of secured and unsecured claims, as the Trustee did with White's claims.

This Court holds that the notice provided to White in this case was reasonably calculated to apprise him of the pendency of confirmation of the Amended Plan and afforded him an opportunity to present his objections to the treatment of his claims under the Amended Plan.

> 5. *White Has Failed To Meet His Burden To Obtain Relief Under F.R.C.P. Rule 60(b)(6)*

White asks this Court for the "extraordinary remedy" of relief from the Confirmation Order under Rule 60(b)(6) of the Federal Rules of Civil Procedure. However, as set forth above, White has failed to show that the Motion is premised on a meritorious defense or that exceptional circumstances warrant the relief requested. White included all of his claims asserted in the Foreclosure Action, including his affirmative defense of setoff, in his Proof of Claim filed in this case. Those claims and defenses were expressly and clearly disallowed in the Amended Plan. Despite proper notice and opportunity to object, White failed to object to confirmation of the Amended Plan. The Amended Plan was confirmed by the Court in the Confirmation Order, and White also failed to appeal that Order. Despite his repeated failure to act to protect his asserted rights, White argues that the equities in this case favor him. *See* Motion at p. 14. However, "equity aids the vigilant," and White may not now ask this Court to aid his lack of vigilance to the prejudice of those creditors who protected their rights in the plan

confirmation process. *Cf. Mims v. Yarborough,* 343 F.Supp. 1146, 1159 (D.S.C.1971).

### *CONCLUSION*

The Amended Plan specifically provided for White's claims. The Amended Plan proposed to disallow his and two other putative creditors' claims, and to modify the rights of claimants as permitted by 11 U.S.C. § 1123(b)(5). No objection was filed to the Amended Pan and no appeal was taken from the Confirmation Order. Accordingly, White is bound by the terms of the Confirmation Order and waived his right to object to disallowance of his claims by failing to object to the Amended Plan or file an appeal. *See Varat,* 81 F.3d at 1314–1318.

Pursuant to the foregoing Findings of Fact and Conclusions of Law, the Court hereby denies in all respects the Motion of Stephen Craig White, Sr. for Relief from the Order Confirming Plan entered on March 17, 2003.

**AND IT IS SO ORDERED.**